JOURNAL ENTRY and OPINION
Plaintiff-appellant Sandra B. Goldberg appeals the trial court's decision denying her motion for new trial. For the reasons below, we affirm.
On January 24, 2000, Goldberg, a pro se litigant, filed a personal injury claim against defendant-appellee Marc's Discount Store. Goldberg claimed that she sustained injuries because of the negligence of Marc's.
On July 12, 2000, both parties filed pretrial statements. In her statement, Goldberg advised the court that she is deaf in one ear, has hearing loss in the other, and therefore requested that microphones be used during proceedings, if available.
Marc's pretrial statement also noted Goldberg's hearing problem and stated that "special sound equipment may be necessary at the trial of this matter."
On July 17, 2000, Marc's filed a motion to dismiss and a motion inlimine to exclude all evidence by plaintiff's medical expert. The motion argued that all medical evidence should be excluded because Goldberg failed to comply with the local rules by not disclosing any medical expert reports prepared on her behalf thirty (30) days before trial.
Goldberg objected to this motion. In addition to addressing the arguments raised by Marc's, Goldberg attached a letter from Dr. William J. Witt, M.D. which advised the court that Goldberg has deafness in her left ear and slight hearing loss in her right ear.
Prior to commencing the trial on August 10, 2000, the trial court addressed Marc's motion in limine and motion to dismiss. While arguing in opposition to the motions, Goldberg advised the court that she had no witnesses to testify on her behalf.
The trial court did not rule on the motion in limine, but did deny Marc's motion to dismiss.
After Goldberg presented her opening statement, Marc's moved for a directed verdict. The court granted the directed verdict because Goldberg would be unable to prove proximate cause without an expert witness to testify as to the cause of her injuries.
On August 30, 2000, Goldberg filed a motion for new trial alleging that audio equipment wasn't activated. I wasn't able to hear all proceedings. Physicians statement of hearing impairment on record. The motion alleged other issues not relevant to the instant appeal.
The trial court denied Goldberg's motion for new trial.
On appeal, Goldberg raises the following assignment of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF WHEN [IT] GRANTED JUDGMENT TO DEFENDANT AFTER FAILING TO PROVIDE THE REQUESTED ACCOMMODATION FOR PLAINTIFF'S HEARING LOSS.
Goldberg argues that the trial court violated her rights under Title II of the Americans with Disabilities Act (ADA) by not making the court system readily accessible to her. See 28 C.F.R. § 35.150.
42 U.S.C. § 12132 provides that:
 [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
The remedies, procedures, and rights for enforcement of the ADA are the same used to enforce the Rehabilitation Act of 1973 and the Civil Rights Act of 1964. 42 U.S.C. § 12133; 29 U.S.C. § 794a; See, also, Title 28 C.F.R. § 35, Appendix A.
The procedure for enforcing the ADA was succinctly described in In reRodriguez (Aug. 4, 1999), Wayne App. No. 007073, unreported (citations omitted), as follows:
 [the procedure] begins with filing a complaint with a designated agency. If appropriate, the agency will refer the case to the Department of Justice, which may file suit in a federal district court. An alternative procedure is for a private individual to directly initiate an action, with or without waiting for the federal administrative procedure to run its course. The action may be in equity, which indicates that there is a possibility of enjoining a public entity from taking action in violation of the ADA.
Neither Title II of the ADA or the related regulations provide that the assertion of a violation of the ADA by a public entity may be raised in an action where the public entity is not a named party. See Sections42 U.S.C. § 12133; 42 U.S.C. § 2000e-16 and 2000e-5(f)-(k);29 U.S.C. § 794a; 28 C.F.R. § 35.101-35.190.
As stated by the appellate court in Rodriguez, we decline to create a new means of ADA enforcement that was not adopted by Congress, or included by the Attorney General in the regulations adopted to implement the ADA. Id.
Furthermore, we find no basis for Goldberg's claim that the trial court violated the ADA. A review of the record reveals the following:
At the outset of the trial, the trial court acknowledged that it had received notification from Goldberg of her hearing loss, however the proceeding continued without the court advising of any measures being taken on account of Goldberg's hearing impairment.
Goldberg argues that the transcript serves as evidence that she could not hear the proceedings. She cites specifically to three instances where she allegedly had difficulty hearing the proceedings.
The first indication of Goldberg's inability to hear took place while the parties were presenting arguments and objections to Marc's motion to dismiss and motion in limine. Goldberg asked the trial court if she could move forward, to which the judge replied that he would speak louder.
These remarks were made after the arguments had been proceeding for several minutes.[1] Prior to the request to move forward, Goldberg had already responded to several questions from the court without any indication that she was unable to hear. Most importantly, her responses were appropriate to the questions, which indicates that she was able to understand the trial court.[2]
Goldberg next argues that the following serves as evidence of her inability to understand the proceedings:
"Mr. Merriam: Objection, your Honor.
The Court: Overruled.
Ms. Goldberg: Pardon me?
The Court: Go ahead, continue."
Goldberg then proceeded with her opening statement.
Lastly, during her rebuttal to Marc's motion for directed verdict, the following took place:
 "The Court: Do you have any other statements, other comments?
Ms. Goldberg: I didn't hear you.
The Court: Do you have other comments?
 Ms. Goldberg: I ask the Court to consider all the facts of this case. * * *"
All the remedies and procedures provided in the ADA legislation contemplate affirmative action on the part of the injured party. SeeRodriguez, supra. Although Goldberg now argues that the trial court's action of "speaking louder" was not an adequate accommodation to her hearing impairment, she never advised the trial court of this inadequacy during the proceeding itself. Additionally, Goldberg never requested that the trial court turn the microphones on during the proceedings or speak even louder. Essentially, Goldberg failed to take any affirmative steps during the trial of this matter to correct the court's alleged failure to adequately accommodate her hearing problems.
The record reveals that Goldberg was able to and did fully participate in the trial proceedings. Furthermore, Goldberg has failed to assert how she has been prejudiced by the court's failure to use the microphone system during the hearing in question. She does not allege any specific instance where she was confused or unable to comprehend the proceedings, and/or how that confusion or lack of comprehension affected the outcome of the trial court's decision.
Accordingly, we find Goldberg's assignment of error is without merit and affirm the decision of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J. CONCURS; PATRICIA ANN BLACKMON, P. J., CONCURS INJUDGMENT ONLY.
[1] This time estimate is based on that fact that this incident takes place on page fifteen of the thirty-one page transcript.
[2] For example, page 8 of the transcript includes the following exchange:
 The Court: It's my understanding that you allege a rotator cuff injury to your right or left shoulder?
Ms. Goldberg: The right.